**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Marcia R. Sickler, as trustee of the<br>Marcia R. Sickler Mineral Trust, | )<br>)<br>) | **ORDER RE EVIDENTIARY** |
| Plaintiff, | )<br>) | **RULINGS** |
| vs. | )<br>) | |
| LoneTree Energy & Associates, LLC and<br>Hess Corporation, | )<br>)<br>) | Case No. 4:12-cv-077 |
| Defendants. | ) | |

The court held a bench trial in the above-captioned case on December 10, 2013. During the trial certain objections were made. With respect to the following objections, the court rules:

- Defendants' counsel objected to a question of Klint Sickler as to whether he and his family understood the agreement to be binding. The court overrules the objection and gives the evidence the weight it deserves under North Dakota law.

- Plaintiff's counsel objected on relevance grounds to the introduction of defense exhibits 50-52, 54, 58, and 59. The court overrules the objection since the information is relevant to the issue of whether the Continental Lease likely continued beyond its primary term as originally provided for in the lease and/or beyond the primary term as extended by an extension granted by plaintiff. The court has given it no weight with respect to the ultimate issue of what the intent of the parties was with respect to whether Hess had the right to not pay the second bonus payment if there was a legitimate title concern.

- Plaintiff's counsel objected during the examination of defendants' witness Michael Allen (Hess's land manager) to testimony as to his intent with respect to whether

Hess had the option to pay the second 80% bonus payment on parole evidence grounds. To the extent that plaintiff's counsel's objection was whether parole evidence was admissible at all based on plaintiff's argument that the agreement was not ambiguous, the court overrules that objection having concluded in its prior order that the agreement was ambiguous. To the extent plaintiff's counsel's objection was the relevancy of this particular evidence, the court will also overrule the objection since it received similar testimony from both parties but gave the resulting answer no weight for the reasons articulated in the court's findings, conclusions, and order for judgment filed contemporaneously herewith.

All other objections are overruled and the court has given the evidence the weight it believes it deserves consistent with North Dakota law.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court